| | |
|---|---|
| Case No. CV-16-9674-MWF<br>CR-12-584-MWF | Date: August 16, 2017 |
| Title: United States of America -v- Roberto Hernandez-Guzman | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Relief Deputy Clerk: | Court Reporter: |
|---|---|
| Cheryl Wynn | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DENYING THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE, UNDER 28 U.S.C. §2255 [1]

Before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, filed on June 23, 2016. (the "§ 2255 Motion") (Docket No. 1). The government filed an Opposition to the § 2255 Motion on June 12, 2016. (Docket No. 6). Petitioner's Reply was due thirty-five days after service of Respondent's Opposition. (Docket No. 4). That Opposition was mailed to Petitioner on June 12, 2017. Assuming that the Opposition arrived at Petitioner's home (he is currently on supervised release) on June 15, 2017, Petitioner's Reply was due on July 20, 2017. The Court did not receive any Reply from Petitioner by that date.

The Court has reviewed and considered the papers on the competing Motions. For the reasons given below, the § 2255 Motion is **DENIED**.

## I.   BACKGROUND

Defendant pleaded guilty to charges under 8 U.S.C § 1326(a) and (b)(2) on July 20, 2012, for being illegally present in the United States after being removed from the United States in February 2005, March 2007, and November 2011. (Change of Plea and Setting of Sentencing Date (Docket No. 19)). Defendant was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9674-MWF                                    Date:  August 16, 2017
          CR-12-584-MWF
Title:    United States of America -v- Roberto Hernandez-Guzman

sentenced to a term of 63 months' imprisonment on October 22, 2012.  (Judgment and Commitment (Docket No. 32)).

Prior to this conviction, Petitioner was convicted in 2010 in Los Angeles Superior Court of Inflicting Corporal Injury on Spouse/Cohabitant and received a sentence of three years' imprisonment.  (Case number VA088104).  Petitioner was also convicted in 2006 of Assault with a Deadly Weapon and was sentenced to two years' imprisonment.  (Case No. VA115198).  Petitioner was also convicted of Possession of Marijuana for Sale, in violation of the California Health and Safety Code section 11359, for which Petitioner received a sentence of 364 days' imprisonment to run concurrently with the two-year sentence.  (Case No. VA115198).

Here, pursuant to the terms of the plea agreement, the parties stipulated to a total offense level of 19.  Based on Petitioner's history and the criminal violation of 8 U.S.C, § 1326(a), (b)(2), Illegal Alien Found in the United States Following Deportation, the government recommended that this Court impose a low-end sentence of 63 months.  (CV 12-00584) (Docket No. 23 at 2—3).  On October 25, 2012, this Court sentenced Petitioner to a term of imprisonment of 63 months. (Docket No. 32).

On October 26, 2012, Petitioner filed an appeal based on his contention that this Court erred by separately calculating his criminal history points.  On November 1, 2013, the Ninth Circuit affirmed the sentence.  (Docket No. 43).

On June 23, 2016, Petitioner filed the § 2255 Motion, asking the Court to vacate his sentence and resentence him.  According to Petitioner, the application of the "crime of violence" enhancement in calculating his advisory sentencing guidelines range was unconstitutional in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  Moreover, Petitioner argues that the Court should authorize a second § 2255 motion "[w]hen the individual makes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV-16-9674-MWF | Date: August 16, 2017 |
|---|---|---|
| | CR-12-584-MWF | |
| Title: | United States of America -v- Roberto Hernandez-Guzman | |

out a 'prima facie showing,' that his application satisfies one of the grounds for a second motion." (§ 2255 motion at 2).

According to the government, the § 2255 Motion is procedurally barred because (1) *Johnson* does not apply to the Sentencing Guidelines ("U.S.S.G."), including the Guidelines used to enhance Defendant's sentence in this case; and (2) in accordance with Ninth Circuit precedent, the conviction used to enhance Defendant's sentence, Inflicting Corporal Injury on Spouse/Cohabitant, in violation of California Penal Code ("CPC") § 273.5, *does* constitute a crime of violence pursuant to U.S.S.G. § 2L1.2.

## II. DISCUSSION

### A. Legal Standard

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). Section 2255 grants federal prisoners the right to bring a motion "to vacate, set aside or correct the sentence" on the ground that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A petitioner who challenges his sentence under § 2255 without first raising his claim before the trial court and on direct appeal procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (holding that the sufficiency of evidence challenge was not preserved when the petitioner failed to raise it on direct appeal). A petitioner may overcome procedural default and raise the claim in a habeas petition "'only if [he] can first demonstrate either cause and actual prejudice or that he is actually innocent.'" *United States v. Braswell*, 501 F.3d 1147, 1149 (9th Cir. 2007) (citation omitted) (holding that petitioner's claim regarding whether his indictment was constitutionally deficient was procedurally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9674-MWF                              Date:  August 16, 2017
          CR-12-584-MWF
Title:    United States of America -v- Roberto Hernandez-Guzman

barred because he did not argue "actual innocence" and failed to demonstrate any "cause" for his failure to raise the issue on appeal).

Furthermore, a petitioner who challenges his sentence under § 2255 must file his motion to vacate, set aside, or correct his sentence under the one-year period of limitation prescribed under § 2255. 28 U.S.C. § 2255(f). That period runs from "the latest" of a number of events, including, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* § 2255(f)(3).

### B.     *Johnson* **and its Progeny**

In *Johnson v. United States*, the Supreme Court held that the Armed Career Criminal Act ("ACCA") was unconstitutional under the Due Process Clause. 135 S. Ct. 2551, 2553 (2015). The ACCA imposed an increased prison sentence if a defendant was previously convicted of three or more "violent felonies." *See id;* 18 U.S.C. § 924 (e)(2)(B). The ACCA's residual clause defined "violent felonies" as "conduct that presents a serious potential risk of physical injury." *See id.* The *Johnson* majority concluded that the residual clause defining "violent felonies" created "uncertainty and hopeless indeterminacy" in "[t]ying the judicial assessment of risk to a judicially imagined 'ordinary case' of crime rather than to real-world facts or statutory elements . . . ." *See* 135 S. Ct. 2551 at 2554 (citing *James v. United States*, 550 U.S. 192, 211 (2007)).

Moreover, the Court determined that the residual clause was "arbitrary and unpredictable" as it did not provide judges with a clear framework on how to measure the "[r]isk posed by a crime . . . with about how much risk it takes for the crime to qualify as a violent felony." *Johnson*, 135 S. Ct. 2551 at 2557.

Ultimately, the *Johnson* Court held that the ACCA's residual clause was unconstitutional as it "[p]roduces more unpredictability and arbitrariness than the Due Process tolerates." *See id.* at 2558.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9674-MWF                              Date:  August 16, 2017
         CR-12-584-MWF
Title:    United States of America -v- Roberto Hernandez-Guzman

One year later, the Court in *Welch v. United States* ruled that the *Johnson* decision applied retroactively to cases on collateral review. *See* 136 S. Ct. 1257, 1257 (2016).

In *Beckles v. United States*, the petitioner was convicted of being a felon in possession of a firearm. 137 S.Ct. 886, 888 (2017). The District Court sentenced petitioner as a career offender, applying the sentencing enhancement, and the Eleventh Circuit affirmed. *Id.* Petitioner filed a motion arguing that his crime was not a crime of violence and therefore, the sentencing enhancement was inapplicable. *Id.* After the Supreme Court remanded for further consideration of *Johnson*, the Eleventh Circuit affirmed the sentence, distinguishing the ACCA's unconstitutionally vague residual clause from the constitutionally permissible residual clause in the Sentencing Guidelines.

The *Beckles* Court addressed whether the United States Sentencing Guidelines are subject to vagueness challenges under the Due Process Clause. *Id.* The *Beckles* Court held that the Sentencing Guidelines' residual clause, which is identical to ACCA's, is not subject to such a vagueness challenge:

> [the Sentencing Guidelines] do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Id.* Accordingly, the Court affirmed the Eleventh Court's decision upholding the sentence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9674-MWF                               Date:  August 16, 2017
          CR-12-584-MWF
Title:    United States of America -v- Roberto Hernandez-Guzman

### C. Petitioner's Arguments

#### 1. Petitioner's Vagueness Challenge

Petitioner argues that the Sentencing Guidelines are subject to a vagueness challenge under *Johnson*. The Court agrees with the government that Petitioner's argument must fail under *Beckles*. *Cf. Silerio v. United States*, CV 16-04708 (C.D. Cal. May 17, 2017) (Docket No. 7) (holding that U.S.S.G. § 2L1.2 (B)(1)(a)(II) "[i]s not subject to a vagueness challenge under the Due Process Clause."); *United States v. Nova*, CV 16-04750 (C.D. Cal. Apr. 3, 2017) (Docket No. 11) (holding that Petitioner's claim that Sentencing Guidelines are vague fails under *Beckles*); *Alvarez-Herrera v. United States*, No. CR 12-0229-BR, 2017 WL 1097173, at *7 (C.D. Cal. Mar. 23, 2017) (same); *Payes-Chinchilla v. United States*, CV 16-4458-DSF (C.D. Cal. Mar. 28, 2017) (Docket No. 13) (same).

Accordingly, this argument is rejected.

#### 2. Petitioner's Crime of Violence Challenge

Pursuant to U.S.S.G. § 2L1.2, "crimes of violence" are

> any of the following offenses under federal, state, or local law: murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, the use or unlawful possession of a firearm described in 26 U.S.C. 5845(a) or explosive material as defined in 18 U.S.C. 841(c), or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-9674-MWF                              Date:  August 16, 2017
          CR-12-584-MWF
Title:    United States of America -v- Roberto Hernandez-Guzman

As stated above, at the time of this Court's sentencing, Petitioner had been previously convicted of, among other crimes, Inflicting Corporal Injury on Spouse/Cohabitant, in violation of California Penal Code section 273.

Petitioner contends in his § 2255 motion that his "right to due process was violated pursuant to *Johnson v. US*, invalidating [his] prior or counts used to enhance his sentence." (§ 2255 Motion at 4). Specifically Petitioner alleges that his "[p]rior (2) 273.5(a) Domestic Violence convictions do not qualify for enhancement." (*Id.* at 5).

However, per California Penal Code section 273. "Any person who willfully inflicts corporal injury resulting in a traumatic condition upon a victim described in subdivision (b) is guilty of a felony." Cal. Penal Code § 273. Petitioner's claim fails because, as the Ninth Circuit has recognized, "California Penal Code § 273.5 requires the intentional use of physical force against the person of another it is a crime of violence under the illegal reentry guideline." *United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010). Therefore, the Court correctly utilized section 273.5(a) as the grounds for Defendant's sentencing enhancement in this case.

Petitioner's claims are rejected.

### III. **CONCLUSION**

Accordingly, the § 2255 Motion is **DENIED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment**.**

IT IS SO ORDERED.